## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBIN E. WALLACE)
7107 Galgate Drive)
Springfield, VA  22152)
)
    Plaintiff,)
)
    v.)    Civil Action No.
)
ALLIEDBARTON SECURITY)
SERVICES, LLC)
161 Washington Street, Suite 600)
Conshohocken, PA  19428)
)
Serve:  CT Corporation)
        1015 15th Street, N.W.)
        Suite 1000)
        Washington, D.C.  20005)
)
    Defendant.)

## COMPLAINT FOR DISCRIMINATION

COMES NOW Plaintiff Robin E. Wallace, by and through undersigned counsel, and states as follows:

1.      Plaintiff brings this action pursuant to 42 U.S.C. §1981 and Title VII of the United States Civil Rights Act for discrimination and retaliation on the basis of race, gender and protected activity in employment.

## JURISDICTION AND VENUE

2.      Jurisdiction of this court is founded pursuant to 28 U.S.C. §1331.

3.      Venue lies in this Court, pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3)  since the employment practices alleged to be unlawful were committed by defendant and its agents within the District of Columbia, defendant does business within the jurisdiction of this Court,

and Ms. Wallace would have worked in this jurisdiction but for the alleged unlawful employment practice.

## PARTIES

4.      Plaintiff, Robin E. Wallace ("Ms. Wallace"), is an adult African-American female, a citizen of the United States and a bona fide resident of the Commonwealth of Virginia.  At all times further relevant herein, Ms. Wallace was an employee of AlliedBarton Security Services.

5.      Defendant, AlliedBarton Security Services ("AlliedBarton"), is a private corporation with more than 55,000 employees and a leading provider of security officer services across the United States.  AlliedBarton is incorporated in the state of Delaware and does business as a foreign corporation in the District of Columbia.

## FACTS COMMON TO ALL COUNTS

6.      A 1979 graduate of Cheyney State College, Ms. Wallace spent two years in the United States Army as a Military Police Officer.  Following her Honorable Discharge from the military in 1986, Ms. Wallace worked for the Internal Revenue Service as an Inspector/Tax Fraud Investigative Aide.  In 1988, Ms. Wallace began her professional career in the private security industry at ACSS/ABM Security Services.  After leaving ACSS/ABM in 2000, Ms. Wallace successfully completed stints with Guardsmark Security, Cushman & Wakefield and DRS Technologies.

7.      In 2007, Ms. Wallace began her employment with AlliedBarton as a Site Supervisor. Her duties in that position included supervising the day-to-day site operations and staff.  After only six months in that position, AlliedBarton promoted Ms. Wallace to the position of Operations Manager for the District of Columbia district.  There, her duties included managing day-to-day operations of multiple accounts, staff development and personnel administration, and customer

2

service.  As the Operations Manager, Ms. Wallace's record of client service was unmatched.  In July 2009, Ms. Wallace received a perfect score on a client survey.  According to Daman Toth, the Vice President of Operations for the Mid-Atlantic Region, he had "[n]ever been [a] witness to a perfect score on a client survey."  For her overall exemplary performance, Ms. Wallace was rewarded with the 2009 Frank Rabena Award for Account Manager of the Year for the Mid-Atlantic Region.

8.      By July 2010, Ms. Wallace had been promoted to the position of District Area Manager ("DAM") for the D.C. district, supervising up to ten (10) managers and six hundred (600) employees and assisting the District Manager ("DM") in overseeing and directing operational, financial and administrative functions.

9.      In June 2012, Daman Toth approached Ms. Wallace about her filling an open DM position in Silver Spring, Maryland.  Since its inception, the Silver Spring district had chronic performance and staffing issues, and AlliedBarton was looking for a DM who could stabilize the underperforming business unit, regain client credibility, and increase sales and revenue.  Although the position had yet to be announced, Toth told Ms. Wallace that he wanted her for the position and suggested that she apply and interview.  Ms. Wallace proffered that given her experience in the region and record of performance, she was the most qualified candidate.  AlliedBarton agreed and called Ms. Wallace the next day to offer her the position without an interview.

10.      As DM, Ms. Wallace's duties increased substantially.  As the face of the company in the district, Ms. Wallace was charged, in addition to administrative and supervisory duties, with re-building the AlliedBarton brand and reputation and spurring revenue growth.  Indeed, Ms. Wallace's subsequent tenure as DM in the Silver Spring district was marked by substantially increased credibility with AlliedBarton's client-base, operational stability and improved financial performance.

11.     By March 2013, AlliedBarton advised Ms. Wallace that it was reorganizing several business units, including the Silver Spring district.  According to AlliedBarton, this "aggressive" nationwide financial restructuring required Ms. Wallace's demotion back to DAM, reporting to the her former peer manager, the District Manager for the Baltimore district, effective April 12, 2013. After Ms. Wallace protested the adverse action, AlliedBarton assured her that the demotion was not related to any performance issues.  AlliedBarton, did not, however, offer or provide Ms. Wallace with an opportunity to compete for any other positions commensurate with her duties, title and stature as DM.

12.     Rather, on or about the same day Ms. Wallace was demoted because of its purported "downsizing," AlliedBarton hired a white male with substantially less experience from outside of the company to the position of District Manager for Government Services in Washington, D.C.  Though Ms. Wallace was unquestionably qualified for the position, AlliedBarton never considered her for the job or gave her any opportunity to compete.

13.     Ms. Wallace, the only African-American woman DM in the Mid-Atlantic region, was the only manager in the region to endure an adverse employment action because of any corporate downsizing, and, upon information and belief, the only District Manager *nationwide* effected by AlliedBarton's restructuring.

14.     Ms. Wallace's demotion was substantially adverse in its duties, responsibilities, professional stature, compensatory bonus structure and opportunities for advancement.

15.     On May 16, 2013, Ms. Wallace complained to AlliedBarton that her rights under the Civil Rights Act had been violated.  Since that time, Ms. Wallace has endured hostile and retaliatory treatment, including exclusion from important meetings and calls, increased professional scrutiny

4

and decreased administrative support.  Additionally, on June 18, 2013, Ms. Wallace's legal spouse, who also works for AlliedBarton in the D.C. district, was the subject of an unwarranted and baseless disciplinary action.  Ms. Wallace's spouse, who was recognized with the Support Staff of the Year Award for the district in 2013, had never received any discipline during her entire professional tenure with AlliedBarton until Ms. Wallace engaged in protected activity under the United States Civil Rights Act.

16.     On June 19, 2013, Ms. Wallace filed a Charge of Discrimination with the Equal Employment Opportunity Commission.  It has been more than 180 days since Ms. Wallace filed her complaint of discrimination and has, therefore, exhausted her administrative remedies.

**FIRST CAUSE OF ACTION**
**Violation of Title VII – Race and Sex Discrimination**

17.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "16" as if originally pleaded herein.

18.     Defendant, through its agents or supervisors, unlawfully discriminated and denied Ms. Wallace equal employment opportunities because of her race and sex when it demoted her from a District Manager position in which she was exceeding AlliedBarton's legitimate performance expectations to a position of lesser status, benefits and opportunities for advancement while a white male with less experience and qualifications was hired as a District Manager, without cause of justification, in violation of Title VII of the Civil Rights Act of 1964, as amended.

19.     As a direct and proximate result of the illegal employment discrimination by Defendant, Ms. Wallace has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress.  Ms. Wallace has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

20.     Ms. Wallace is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for her federally protected rights.  Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)     To award her, under Title VII of the Civil Rights Act, all the back and front pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b)     To award her, under Title VII of the Civil Rights Act, compensatory damages in an amount to be determined at trial;

(c)     To award her, under Title VII of the Civil Rights Act, punitive damages in an amount to be determined at trial;

(d)     To award her, under Title VII of the Civil Rights Act, a position consistent with her experience and training;

(e)     To award her reasonable attorney's fees and costs of this action; and

(f)     To award her such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Violation of Title VII – Retaliation

21.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "20" as if originally pleaded herein.

22.     By the actions set out above, defendant subjected Ms. Wallace to unlawful retaliation and denied her the rights and privileges secured by Title VII, when it denied her professional opportunities for which she was qualified, created a hostile work environment and subjected her legal spouse to adverse employment actions, without cause or justification, because she had engaged

6

in protected activity under the United States Civil Rights Act.

23.     As a direct and proximate result of the illegal employment action by defendant, Ms. Wallace has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress.  Ms. Wallace has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

24.     Ms. Wallace is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for her federally protected rights.  Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)     To award her, under Title VII of the Civil Rights Act, all the back and front pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b)     To award her, under Title VII of the Civil Rights Act, compensatory damages in an amount to be determined at trial;

(c)     To award her, under Title VII of the Civil Rights Act, punitive damages in the amount to be determined at trial;

(d)     To award her, under Title VII of the Civil Rights Act, a position consistent with her experience and training;

(e)     To award her reasonable attorney's fees and costs of this action; and

(f)     To award her such other and further relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### Violation of 42 U.S.C. § 1981 – Race Discrimination

25.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in

paragraphs "1" through "24" as if originally pleaded herein.

26.    Defendant, through its agents or supervisors, unlawfully discriminated and denied Ms. Wallace equal employment opportunities because of her race when it demoted her from a District Manager position in which she was exceeding AlliedBarton's legitimate performance expectations to a position of lesser status, benefits and opportunities for advancement while a white male with less experience and qualifications was hired as a District Manager, without cause of justification, in violation of 42 U.S.C. §1981 of the Civil Rights Act of 1964, as amended.

27.    As a direct and proximate result of the illegal employment discrimination by Defendant, Ms. Wallace has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress.  Ms. Wallace has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

28.    Ms. Wallace is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for her federally protected rights.  Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)    To award her, under 42 U.S.C. §1981 of the Civil Rights Act, all the back and front pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b)    To award her, under 42 U.S.C. §1981 of the Civil Rights Act, compensatory damages in an amount to be determined at trial;

(c)    To award her, under 42 U.S.C. §1981 of the Civil Rights Act, punitive damages in the amount to be determined at trial;

(d)     To award her, under 42 U.S.C. §1981 of the Civil Rights Act, a position consistent with her experience and training;

(e)     To award her reasonable attorney's fees and costs of this action; and

(f)     To award her such other and further relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### Violation of 42 U.S.C. § 1981 – Retaliation

29.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "28" as if originally pleaded herein.

30.     By the actions set out above, defendant subjected Ms. Wallace to unlawful retaliation and denied her the rights and privileges secured by 42 U.S.C. §1981, when it denied her professional opportunities for which she was qualified, created a hostile work environment and subjected her legal spouse to adverse employment actions, without cause or justification, because she had engaged in protected activity under the United States Civil Rights Act.

31.     As a direct and proximate result of the illegal employment discrimination by Defendant, Ms. Wallace has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress.  Ms. Wallace has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

32.     Ms. Wallace is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for her federally protected rights.  Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)     To award her, under 42 U.S.C. §1981 of the Civil Rights Act, all the back and front

pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b)     To award her, under 42 U.S.C. §1981 of the Civil Rights Act, compensatory damages in an amount to be determined at trial;

(c)     To award her, under 42 U.S.C. §1981 of the Civil Rights Act, punitive damages in the amount to be determined at trial;

(d)     To award her, under 42 U.S.C. §1981 of the Civil Rights Act, a position consistent with her experience and training;

(e)     To award her reasonable attorney's fees and costs of this action; and

(f)     To award her such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a jury trial on all issues.

Respectfully submitted,

*/s/ Lisa Alexis Jones*
Lisa Alexis Jones, Esq.
Lisa Alexis Jones, PLLC
One Rockefeller Plaza
10th Floor
New York, N.Y.  10020-2003
(646) 756-2967
(888) 755-6778 (Fax)
ljones@lisaajones.com

*Counsel for Plaintiff*

Dated: February 12, 2014